OPINION of the Court, by
Judge Logan.
— This is a suit in chancery for the purpose of setting aside an award and decree of the court founded thereon, made out on a written statement of the case under the act of assembly concerning awards.
The complainant rests his application for relief on two grounds,
1st. That the arbitrators had received and acted on improper evidence, which by the terms of the submission was excluded. And,
2d. That the defendant had agreed, after the award was entered as the decree of the court, to set it aside.
As to the first point, the submission was of all matters in difference between the parties relative to a certain piece of land, which the complainant had purchased under an execution against the estate of the defendant.
The matter in controversy was that the defendant relied on the agreement of the complainant to let him have the land back on paying the purchase money with interest within a year and a day, which had been made before the sale of the land.
The complainant relies on verbal evidence as inadmissible in the case. If the principle were correct, that the mistake of arbitrators upon the competency of evidence, and on other legal points involved in submissions, or supposed erroneous decisions by them, should be proper ground for resorting to a court of chancery, the most ordinary capacity must perceive that the great object of arbitrament is laid prostrate ; and the valuable purposes anticipated by that rpode of trial wUl be converted into farther delay and more expense.
But the evidence was clearly admissible ; because fraud seems to have been the complaint of Casey, founded on the promise of the complainant to restore the land, thereby preventing farther exertions by Casey t» *460 raise the money, and perhaps others from bidding who otherwise might have bid for the land. And it will be observed there does not appear to have been any fraud on the part of Casey, or injury to the creditor.
The second ground taken by the complainant is equally untenable. A mere promise to set aside the award, without consideration or injury, (for there could have been none in this case, at any rate none is shewn or pretended) furnishes no equity for applying to any court.
The decree must be affirmed with costs.